**United States District Court**
**Central District of California**

**UNITED STATES OF AMERICA vs.**          CR 11-486-R

Defendant **TONY KHAC NGUYEN**          S.S.#-------6577

Residence: Metropolitan Detention Center      Mailing:    Same

------------------------------------------------------------------------

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

------------------------------------------------------------------------

In the presence of the attorney for the government, the defendant appeared in person, on: SEPTEMBER 12, 2011

Month / Day / Year

COUNSEL: XX  WITH COUNSEL Jerry Kaplan, retained

__X_PLEA: XX  GUILTY, and the Court being satisfied that there is a factual basis for the plea.

FINDING: defendant has been convicted as charged of the offense of: Fradulant activity in connection with access devices in violation of Title 18 U.S.C. 1029(a)(2) as charged in counts 3, and Aggravated identity theft in violation of Title 18 U.S.C. 1028A(a)(1) as charged in count 4 of the Indictment.

JUDGMENT AND PROBATION/COMMITMENT ORDER:

The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgement of the court the defendant is hereby committed to the Bureau of Prisons to be imprisoned for a term of:

Fifty-one (51) months, consisting of twenty-seven (27) months on count 3 and twenty-four (24) months on count 4, to be served consecutively.

IT IS FURTHER ADJUDGED that upon release from imprisonment defendant shall be placed on supervised release for three (3) years, consisting of 3 years on count 3 and 1 year on count 4 to be served concurrently, under the following terms and conditions: the defendant 1) shall comply with the rules and regulations of the U.S. Probation Office and General Order 05-02; 2) shall refrain from any unlawful use of a controlled substance, and shall submit to 1 drug test within 15 days of release from imprisonment and at least 2 periodic drug tests thereafter, not to exceed 8 tests per month, as directed by the Probation Officer; 3) shall participate in outpatient substance abuse treatment and counseling program that includes urinalysis, saliva and/or sweat patch testing, as directed by the Probation Officer, and shall abstain from using illicit drugs, alcohol, and abusing prescription medications during the period of supervision; 4) shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the Probation Officer; 5) during the course of supervision, with the agreement of the defendant and defense

**-- GO TO PAGE TWO --**                    _____WH_____
                                            Deputy Clerk

U.S.A. V. TONY KHAC NGUYEN                              CR 11-486-R
-- CONTINUED FROM PAGE ONE --                          PAGE TWO
============================================================
### JUDGMENT AND PROBATION/COMMITMENT ORDER
============================================================
counsel, the Probation Officer may place the defendant in a residential treatment program approved by the Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by Program Director and Probation Officer; 6) shall as directed by the Probation Officer pay all or part of the costs of treating the defendant's substance abuse and mental health to the aftercare contractor during the period of community supervision, pursuant to 18 USC 3672, and the defendant shall provide payment and proof of payment as directed by the Probation Officer; 7) shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment; 8) shall cooperate in the collection of a DNA sample from the defendant; 9) shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation; 10) shall not participate in any form of gambling, including the directly or indirect purchase of any lottery tickets, or enter any establishment where gambling is the primary source of business; 11) shall not obtain or possess any driver's license, Social Security number, birth  use, for any purpose or in certificate, passport or any other form of identification in any name, other than the defendant's true legal name; nor shall the defendant use, for any purpose or in any manner, any name other than his true legal name or names without the prior written approval of the Probation Officer.

IT IS FURTHER ORDERED that defendant shall comply with General Order No. 01-05.

IT IS FURTHER ORDERED that defendant pay a special assessment of $200.00, which is due immediately.

IT IS FURTHER ORDERED that defendant pay restitution in the total amount of $122,229.93, to be paid the victims as follows: $28,106.11 to Bank of America; $39,033.54 to Capital One Bank; $13, 404.90 to Discover Bank; $ 41,685.38 to Chase Bank.  Restitution shall be due during the period of imprisonment, at the rate of not less than $25.00 per quarter, and pursuant to the Bureau of Prisons Inmate Financial

-- GO TO PAGE THREE --                         ____WH_____
                                               Deputy Clerk

U.S.A. V. TONY KHAC NGUYEN                              CR 11-486-R

-- CONTINUED FROM PAGE TWO --                               PAGE THREE
========================================================
### JUDGMENT AND PROBATION/COMMITMENT ORDER
========================================================
Responsibility Program.   If any amount of the restitution remains
unpaid after release from custody, nominal monthly payments of at least
10% of defendant's gross monthly income, but not less than $100.00,
whichever is greater, during the period of supervised release and shall
begin 30 days after the commencement of supervision.   If the defendant
makes a partial payment, each payee shall receive approximately
proportional payment.   The defendant shall be held jointly and
severally liable with co-defendant Hung Van Tieu for $20,236.27 of the
restitution ordered to Bank of America.   Interest on the restitution
is waived.   Payments may be subject to penalties for default and
delinquency pursuant to 18 U.S.C. 3612(g).


     IT IS FURTHER ORDERED that the government's motion to dismiss all
remaining counts is granted.


In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release
set out on the reverse side of this judgment be imposed.  the Court may change the conditions of supervision, reduce or extend the period of supervision,
and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation
occurring during the supervision period.


Signed by:  District Judge _____

                                   **MANUEL L. REAL**


It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment
Order to the U.S. Marshal or other qualified officer.

                                   Terry Nafisi, Clerk of Court

Dated/Filed: September 13, 2011        By_____/S/_____
             Month / Day / Year             William Horrell, Deputy Clerk

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, for felony cases only: not possess a firearm, destructive device, or any other dangerous weapon.

☐    The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1).  Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).  Interest and penalties pertaining to restitution , however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

**SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE**

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account.  All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

B
y

_____         _____
Date                                                           Deputy Marshal


**CERTIFICATE**

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

B
y

_____         _____
Filed                                                          Deputy Clerk
Date


**FOR U.S. PROBATION OFFICE USE ONLY**

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed) _____         _____
Defendant                                                     Date


_____         _____
U. S. Probation Officer/Designated Witness                Date